**Ji Yan QIU, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–0810–AG.

United States Court of Appeals, Second Circuit.

Jan. 27, 2006.

**132**

Tao Lin, Caesar & Napoli, New York, New York, for Petitioner.

Christina McKee, Assistant United States Attorney, for Susan W. Brooks,

United States Attorney for the Southern District of Indiana, Indianapolis, Indiana, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Ji Yan Qiu petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") final order of removal. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

### A. Asylum

■ An asylum applicant has the burden of proving by clear and convincing evidence that she filed for asylum within one year of her arrival in the United States, 8 U.S.C. § 1158. Here, Qiu's asylum application was received by the government on October 15, 1999. In that application he claimed to have entered on October 30, 1998. He testified that he entered at the end of November 1998, but later wavered between whether he entered on October 3 or November 3, 1998. Qiu's doubt as to the date of his entry provided the IJ with an actual and reasoned basis on which to find that Qiu failed to prove he filed within one year of his arrival. We see no errors of law or constitutional violations in this determination, and we lack jurisdiction to review the factual and dis-

cretionary elements of this determination. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(i).

### B. Withholding

 To establish grounds for withholding of deportation, the applicant must prove that there is a "clear probability" that he will suffer persecution if returned to his native country—*i.e.,* "that it is more likely than not that the [applicant] would be subject to persecution." *Melgar de Torres v. Reno,* 191 F.3d 307, 311 (2d Cir.1999) (internal quotation marks omitted).

When the BIA issues a short opinion affirming the IJ's decision, in part, and modifying it in part, this Court reviews the IJ's opinion as modified by the BIA. *See Xue Hong Yang v. DOJ,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA agreed with the IJ that Qiu had not carried his burden for withholding, but stated, "we do not agree with the [IJ's] statement that even had [Qiu] been found credible and found to have suffered past persecution, there has been a fundamental change in circumstances." This statement seems to indicate that the BIA did, in fact, affirm the adverse credibility finding. In light of this understanding, the Court reviews the IJ's denial of withholding on the basis of adverse credibility as the final agency determination. *See Xue Hong Yang,* 426 F.3d at 522.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claims of persecution, or on contrary evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004).

The IJ properly denied relief based on an adverse credibility finding that is supported by substantial evidence. Specifically, the IJ found that Qiu's testimony that he was threatened with sterilization in March 1996, was inconsistent with his asylum application in which he stated that he was harassed by family planning officials in March 1996. The IJ also found that Qiu's testimony that abortion and sterilization is standard practice after a couple has two children in China was inconsistent with background information which said that having more than two children in rural China is not uncommon. The IJ also found that Qiu's explanation of how he obtained his independent household registry and ID card was essentially implausible. Finally, the IJ found incredible Qiu's claim that his wife's sterilization was involuntary. In sum, the IJ provided "specific, cogent reasons" for finding Qiu to be incredible, and those reasons "[bore] a legitimate nexus to" his withholding of removal claim. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

### C. CAT Claim

Because Qiu did not raise his CAT claim before Court, the claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. Oct.13, 2005).

For the reasons stated above, the petition for review is DENIED, and the decision of the BIA is AFFIRMED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this peti-

tion is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).